IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael Rufus, | ) | C/A No. 6:23-cv-00798-DCC-KFM |
| | ) | |
| Petitioner, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Petersburg Low Federal Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

The petitioner, a federal prisoner at Petersburg Low Federal Correctional Institution ("Petersburg Low FCI"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief (doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. For the reasons set forth below, it is recommended that the petitioner's § 2241 petition be transferred to the United States District Court for the Eastern District of Virginia.

## ALLEGATIONS

In the instant matter, the petitioner appears to challenge the execution of his sentence (doc. 1). The petitioner argues that he is entitled to be transferred into a step down incarceration program based on the time remaining on his sentence (*id*. at 6–7). He contends that he is being improperly denied access to the program because it is only for non-violent offenders – and he has been coded as a violent offender (*id*.). For relief, the petitioner seeks an order making him eligible for the "necessary programming" and related sentence credits available to non-violent offenders (*id*. at 8).

**APPLICABLE LAW & ANALYSIS**

The undersigned has reviewed the petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (*see* Rule 1(b) (applying these rules to habeas actions brought under 28 U.S.C. § 2241)); the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and other habeas corpus statutes.  As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The mandated liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

A court may grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained," 28 U.S.C. § 2243.  Therefore, the proper party respondent in a § 2241 action is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation and emphasis omitted).  Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district:  the district of confinement."  *Id.* at 442–43 (citation omitted).  In the instant matter, the petitioner is incarcerated at Petersburg Low in Petersburg, Virginia; therefore, this court lacks personal jurisdiction over the respondent, the petitioner's custodian.  Accordingly, the undersigned recommends that the court transfer the petitioner's § 2241 habeas petition to the United States District Court for the Eastern District of Virginia.  *See* 28 U.S.C. § 1631

(noting that a district court should transfer a habeas petition to the proper district court, so long as the transfer would further the interest of justice).

## RECOMMENDATION

Accordingly, it is recommended that the district court transfer the instant matter to the United States District Court for the Eastern District of Virginia for all further proceedings.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

March 28, 2023
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).